**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 19-3033

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 01, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| CORNELIUS J. CLEMONS, | ) |
|     Plaintiff-Appellant, | ) ) ) |
| v. | ) ) ON APPEAL FROM THE UNITED ) STATES DISTRICT COURT FOR |
| GOVERNOR MIKE DEWINE, in his Official Capacity, | ) THE SOUTHERN DISTRICT OF ) OHIO ) |
|     Defendant-Appellee. | ) ) |

O R D E R

Before: SUHRHEINRICH, GIBBONS, and WHITE, Circuit Judges.

Cornelius Clemons, a pro se Ohio resident, appeals the district court's sua sponte dismissal of his civil rights action under 28 U.S.C. § 1915(e)(2)(B). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). Clemons moves for expedited review of his appeal.

In October 2018, Clemons sued then-Ohio Governor John Kasich, in his official capacity, mostly alleging violations of 42 U.S.C. §§ 1981 and 1983. Clemons's claims stemmed from a writ of mandamus that he filed in the Ohio Supreme Court, which sought to compel Kasich to pay him money that he believed that he was owed from his Ohio workers' compensation case. Kasich filed a motion to dismiss the petition, which the Ohio Supreme Court granted.

In his federal complaint, Clemons alleged that his right "to enforce [a] contract for the security of property . . . was impaired and materially lessened within the meaning of a constitution"

because of Kasich's successful motion to dismiss. He sought what he characterized as injunctive relief in the form of $2,868,752. A magistrate judge filed a report recommending that the district court dismiss the case sua sponte under § 1915(e)(2)(B), concluding that Clemons's lawsuit was barred by res judicata because he had already filed a nearly identical case, *Clemons v. Kasich*, No. 2:18-CV-954, 2018 WL 4742569, at *1 (S.D. Ohio Oct. 2, 2018), that was dismissed on the merits. The district court adopted the report over Clemons's objections and dismissed the case. Additionally, the district court followed the magistrate judge's recommendation to deem Clemons a vexatious litigant because this was Clemons's seventh action concerning the denial of workers' compensation benefits and the sixth dismissal. The district court enjoined Clemons from filing any new actions without: (a) submitting a certificate from an Ohio licensed attorney, stating that there is a good faith basis for his proposed claims; or (b) tendering a proposed complaint to the court for review before filing. Since the dismissal of Clemons's complaint, current Ohio Governor Mike DeWine has been substituted for Kasich.

On appeal, Clemons challenges the district court's invocation of res judicata and his designation as a vexatious litigant.

We review de novo a district court's dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Section 1915(e)(2)(B)(i)-(ii) requires a district court to sua sponte dismiss an in forma pauperis complaint that is frivolous or fails to state a claim. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Id.* at 470.

The district court concluded that res judicata barred Clemons's complaint. Res judicata applies when there is:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

Clemons argues that the district court should not have invoked res judicata because his two lawsuits did not have the same parties; specifically, Kasich was sued in his individual capacity in his first lawsuit and in his official capacity in this lawsuit. This argument relies on the rule of differing capacities, which generally permits a lawsuit against a government official in his official capacity even though he was previously sued in his individual capacity. *Mitchell v. Chapman*, 343 F.3d 811, 823 (6th Cir. 2003); s*ee also Leirer v. Ohio Bureau of Motor Vehicles Compliance Unit*, 246 F. App'x 372, 375 (6th Cir. 2007) ("In essence, suing a state official in her official capacity is not the same as suing her in her individual capacity.").

Although the district court recognized this doctrine, it concluded that it did not apply, reasoning, "the Court fails to see how a person sued in his 'Individual Capacity as Governor' is not being sued in his official capacity. The title 'Governor' invokes the holder's official capacity by its very nature. Accordingly, the actions are against the same party." However, this reasoning is unpersuasive because Clemons is ultimately the master of his complaint and he explicitly indicated that he intended to sue Kasich in his individual capacity: "John Kasich is stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct in an action for redress of Plaintiff's deprivation of . . . Fifth Amendment right to due process of law of Equal Right 42 U.S.C. § 1981."

Regardless, even if the district court erred in applying res judicata, "we are free to affirm the judgment on any basis supported by the record." *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002). Moreover, under § 1915(e)(2)(B), we may dismiss on appeal an action that is frivolous or fails to state a claim for relief. Clemons's case is both.

The essence of Clemons's complaint is that Kasich violated §§ 1981 and 1983 by successfully moving to dismiss his petition for a writ of mandamus in the Ohio Supreme Court. Clemons alleged that "because he was not allowed to enforce [a] contract for the security of his

property," presumably his alleged right to workers' compensation benefits, "he was denied and deprived of the equal protection of Equal Rights."

First, Clemons's reliance on § 1981 is misplaced because "a plaintiff cannot use § 1981 to sue a state actor in his or her official capacity." *McCormick v. Miami Univ.*, 693 F.3d 654, 660 (6th Cir. 2012). Second, to state a claim for relief under § 1983, a plaintiff must show that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). And Clemons fails to point to any authority showing that a plaintiff is deprived of his constitutional rights by a defendant's successful motion to dismiss a case in state court. Accordingly, Clemons's action is frivolous and he has failed to state a claim. *See Hill*, 630 F.3d at 470.

Lastly, Clemons argues that the district court's vexatious-litigant order denies him due process. A district court has "inherent authority" to impose sanctions based on a litigant's bad faith, contemptuous conduct, and conduct that "abuses the judicial process." *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 516 (6th Cir. 2002) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). A district court also has inherent authority to issue an injunctive order to prevent prolific litigants from filing harassing and vexatious pleadings. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). In *Feathers*, this court cited approvingly authority from the Ninth Circuit, which has elsewhere held that a district court imposing a vexatious litigant order must: (1) provide notice to the plaintiff; (2) "create an adequate record for review . . . includ[ing] a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make "substantive findings as to the frivolous or harassing nature of the litigant's actions"; and (4) narrowly tailor the order "to closely fit the specific vice encountered." *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990) (citation omitted).

No error is discernable in the district court's decision to exercise its inherent authority here. First, Clemons received notice of, and responded to, the magistrate judge's recommendation that

he be deemed a vexatious litigant. Second, the district court created a thorough record of Clemons's litigation history. Third, the district court made substantive findings as to both frivolity and harassment. As the district court explained, Clemons had brought seven suits ultimately related to the denial of his workers' compensation benefits and continued "to tax judicial resources." And fourth, the district court narrowly tailored its order to prevent future frivolous lawsuits. Under the order, Clemons can still pursue non-frivolous lawsuits by obtaining a certificate from an attorney, stating that there is a good faith basis for his proposed complaint, or by tendering his proposed complaint to the district court for preliminary review.

Accordingly, we **AFFIRM** the district court's judgment. Clemons's motion for expedited review of his appeal is **DENIED**.

                                      ENTERED BY ORDER OF THE COURT

                                      Deborah S. Hunt, Clerk